**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CHARLES MEISLER, | 3:17-cv-00638-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| NADINE CHRZANOWSKI, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff Michael Charles Meisler's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1).  Having reviewed all documents, the court recommends that the application to proceed *in forma pauperis* be granted, and that this action be dismissed with prejudice, in part, and without prejudice, in part.

### I.    *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in his application to proceed *in forma pauperis*, plaintiff is unable to pay the filing fee in this matter.  (*See* ECF No. 1.)  The court therefore recommends that the application be granted.

### II.    LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A.  Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc*., 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.     DISCUSSION

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently incarcerated at Ely State Prison in Ely, Nevada. (ECF No. 1-1 at 1.) Proceeding *pro se*, plaintiff brings civil rights claims under the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution, Article 1 of the Nevada State Constitution, Nevada Revised Statute 41.140 and 42.005, and 42 U.S.C. 1985. (*Id.*) Plaintiff names the following defendants: Nadine Chrzanowski, a Douglas County Deputy Sheriff; Karen Dustman, a Douglas County District Attorney; Mark B. Jackson, a Douglas County District Attorney; Maria Bowling,

1  Douglas County Sheriff's Department Dispatcher; Ron Pierini, Douglas County Sheriff; Douglas

2  County, Nevada; Sprint-Nextel Communications, Inc., a corporation; Janice M. Tebo and Laura J.

3  Sperry, individuals; and, finally, what appears to be an unidentified party ("John Doe").  (*Id.*)

4      Plaintiff's claims arise from defendants' involvement in the allegedly unlawful use of cell

5  phone GPS data to locate and arrest plaintiff.  (*Id.* at 6–12.)  The court will dispense with a

6  recitation of plaintiff's dense thirty-page complaint in light of the fact that it is clearly barred by

7  the doctrine of *res judicata*.  *Res judicata* bars an action when an earlier action: (1) concerned the

8  same claim sued upon in the present action; (2) involved the same parties or their privies; and (3)

9  resulted in a final judgment on the merits.  *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill.*

10 *Found.*, 402 U.S. 313, 323-24 (1971); *Commc'ns Telesystems Int'l v. California Pub. Util.*

11 *Comm'n*, 196 F.3d 1011, 1017 (9th Cir. 1999).

12     Plaintiff's complaint is near facsimile of a complaint plaintiff lodged in 2012.  *Meisler v.*

13 *Chrzanowski*, No. 3:12-cv-00487-MMD-WGC (D. Nev. Sep. 11, 2012) (ECF No. 4).  That case

14 concerned the same claims plaintiff now brings regarding his location and arrest via "cellular

15 telephone signal triangulation," without his conspiracy claim under 42 U.S.C. 1985.  *Cf.* (ECF

16 No. 1-1); *Meisler v. Chrzanowski*, No. 3:12-cv-00487-MMD-WGC (D. Nev. Sep. 11, 2012) (ECF

17 No. 4).[1]  Even so, plaintiff's conspiracy claim is also susceptible to *res judicata* because it does

18 not rest on new allegations and "could have been raised in that [prior] action."  *Federated Dep't*

19 *Stores v. Moitie*, 452 U.S. 394, 398 (1981); *see Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404-

20 05 (9th Cir. 1993) (discussing identity of claims for purposes of *res judicata*).

21     Furthermore, plaintiff brought his 2012 action against all but one of the defendants whom

22 plaintiff currently sues.  This additional defendant, Maria Bowling, is sued only to the extent that

23 she followed defendant Nadine Chrzanowski's orders.  (ECF No. 1-1 at 5–6.)  Based on

24 plaintiff's allegations, the court finds that Bowling and Chrzanowski interests are so closely

25 aligned that "one is the virtual representative of the other," such that plaintiff's 2012 claims

26

27

28

---

[1]  To avoid confusion, all citations to plaintiff's 2012 action will include the case name, number, and other identifying information, while all citations to the action currently before the court will follow the court's convention of referencing only the Electronic Case File ("ECF") number.

3

1  against Chrzanowski necessarily bar him from bringing the same claims against Bowling.

2  *Nordhorn*, 9 F.3d at 1405 ("[W]hen two parties are closely aligned in interest that one is the

3  virtual representative of the other, a claim by or against one will serve to bar the same claim

4  against the other.").

5  Finally, plaintiff's 2012 action resulted in a final judgment on the merits.  *See Meisler v.*

6  *Chrzanowski*, No. 3:12-cv-00487-MMD-WGC, 2013 WL 5375524 (D. Nev. Sep. 11, 2012) (ECF

7  No. 16) (dismissing specified defendants and claims pursuant to 28 U.S.C. 1915(e) screening);

8  *Meisler v. Chrzanowski*, No. 3:12-cv-00487-MMD-WGC (D. Nev. July 28, 2014) (ECF No. 22)

9  (same); *Meisler v. Chrzanowski*, No. 3:12-cv-00487-MMD-WGC (D. Nev. Oct. 16, 2015) (ECF

10  No. 79) (final judgment for remaining defendants).  Because plaintiff's federal claims were

11  dismissed with prejudice in his 2012 action, plaintiff is barred from relitigating those claims

12  under the doctrine of *res judicata*.  *Hells Canyon Preservation Council v. U.S. Forest Service*,

13  403 F.3d 683 (9th Cir. 2005) (claims dismissed with prejudice constitute a final judgment on the

14  merits, while those dismissed without prejudice do not).  Dismissal should be with prejudice.  *Id.*

15  The court notes that plaintiff's state law claims for negligence and breach of contract were

16  ultimately dismissed without prejudice, which forecloses the application of *res judicata*.  *Id.*;

17  *Meisler v. Chrzanowski*, No. 3:12-cv-00487-MMD-WGC (D. Nev. Oct. 16, 2015) (ECF No. 79).

18  However, the court declines to exercise supplemental jurisdiction over these state law claim in the

19  absence of claim over which this court has original jurisdiction.  28 U.S.C. § 1367(c)(3) (2012).

20  ### IV.    CONCLUSION

21  For the reasons above, the court concludes that plaintiff's claims are barred by the

22  doctrine of *res judicata*.  Only plaintiff's state law claims for negligence and breach of contract

23  remain, but the court declines to exercise supplemental jurisdiction over these claims.  Therefore,

24  it is recommended that these state law claims be dismissed without prejudice, and all remaining

25  claims dismissed with prejudice.

26  The parties are advised:

27  1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

28  Practice, the parties may file specific written objections to this Report and Recommendation

4

within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

### V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to plaintiff's claims under the Fourth Amendment, Fifth Amendment, and Fourteenth Amendment of the United States Constitution;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to plaintiff's claims under Article 1 of the Nevada State Constitution;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to plaintiff's claims under 42 U.S.C. 1985;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND** as to plaintiff's state law claims for breach of contract and tortious conduct under Nevada Revised Statute 41.130 and Nevada Revised Statute 42.005.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: March 15, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**