UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL CHARLES MEISLER,

            Plaintiff,

v.

NADINE CHRZANOWSKI, *et al.*,

            Defendants.

Case No. 3:17-cv-00638-MMD-VPC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 4) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint ("the Complaint") (ECF No. 1-1). The Court extended the deadline for Plaintiff to file his objection to April 24, 2018. (ECF No.7.) Plaintiff filed his objection on May 7, 2018. (ECF No. 8.) While Plaintiff's objection is untimely, the Court will nevertheless consider his objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Magistrate Judge recommends granting Plaintiff's IFP Application. Plaintiff does not object to this recommendation. Accordingly, the Court will accept the recommendation.

The Magistrate Judge recommends dismissing Plaintiff's claims under the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution, Article 1 of the Nevada Constitution, and 42 U.S.C. § 1985 as these claims are barred under the doctrine of *res judicata*. (ECF No. 4 at 3-4.) Plaintiff does not object to dismissal of these claims. The Court will therefore adopt the Magistrate Judge's recommendation.

The Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims for negligence and breach of contract (under NRS §§ 41.130 and 42.005) because these claims were previously dismissed without prejudice, rendering the doctrine of *res judicata* applicable.[1] (*Id.*) Plaintiff objects, arguing that the Court has diversity jurisdiction over these claims. Plaintiff alleges that he is a citizen of California, and that no defendant is a citizen of

///

---

[1] In the prior action based on the same set of facts, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims for civil conspiracy, negligence and breach of contract. *See Meisler v. Chrzanowski,* Case No. 3:12-cv-00487-MMD-WGC ("First Action") (D. Nev. Oct. 16, 2015) (ECF No. 79).

1  California. (ECF No. 8 at 2-3; ECF No. 1-1 at 2-5.) However, the Court previously declined to exercise supplemental jurisdiction over the same claims, finding a lack of original jurisdiction. (First Action, ECF No. 79 at 4.) Plaintiff cannot essentially seek to challenge this finding in this action by now asserting diversity jursidiction.[2]

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 4) is accepted and adopted in its entirety.

It is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted.

It is further ordered that the Clerk detach and file the Complaint (ECF No. 1-1).

It is further ordered Plaintiff's claims under the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution, Article 1 of the Nevada Constitution, and 42 U.S.C. § 1985, are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence and breach of contract.

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 22nd day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's recourse is to file an action in state court to assert his state law claims.